## Wytheville

Jane M. Banton v. Annie M. Harlow.

June 6, 1945.

Record No. 2930.

Present, All the Justices.

The opinion states the case.

*Vincent L. Parker* and *James G. Martin & Son,* for the plaintiff in error.

*William T. Parker* and *Percy S. Smith,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Mrs. Jane M. Banton and Mrs. Annie M. Harlow are the owners of two adjoining lots located on Randolph street in the city of Portsmouth, Virginia. The land of Mrs. Banton was conveyed to her on September 23, 1941, by deed from Mrs. Margaret L. W. Bailey under the following description: "Beginning at a point on the North side of Randolph Street at the East line of the lot now owned by the said C. C. Bailey Thirty (30) feet East from the Northeast intersection of Randolph and Fifth Streets and from thence running East along the North side of Randolph Street Thirty (30) feet; thence North, parallel with Fifth Street Seventy (70) feet; thence West, parallel with Randolph Street Thirty (30) feet, and thence South, parallel with Fifth Street, Seventy (70) feet to the point of beginning". The lot of Mrs. Harlow was conveyed to her by deed dated February 11, 1943, from Mrs. Margaret L. W. Bailey under the following description: "Beginning at the Northeast intersection of Randolph and Fifth Streets, thence running North along Fifth Street seventy-one (71) feet; thence East thirty (30) feet; thence South seventy-one (71) feet; thence West along Randolph Street thirty (30) feet to the point of beginning".

Differences having arisen between Mrs. Banton and Mrs. Harlow as to the location of the true boundary line between their properties, Mrs. Harlow instituted this action under Virginia Code, 1942, (Michie), section 5490, to have the true line ascertained and determined. No plea, answer or grounds of defense were filed. There was a trial by jury. The jury returned a verdict fixing the true

boundary line "to be a line beginning at a point on Randolph street twenty-nine feet east from the northeastern intersection of Randolph and Fifth Streets, and running parallel with Fifth Street, seventy feet".

The trial court set aside the verdict of the jury as contrary to the law and the evidence and determined the true boundary line to begin "at a point 30 feet east from the northeast intersection of Randolph and Fifth streets, thence running north and parallel with Fifth street at a distance of seventy-one feet". From this judgment Mrs. Banton appealed.

The lots of each of the parties to this proceeding were formerly a part of certain lands owned by C. C. Bailey, subsequently acquired by Margaret L. W. Bailey, the common grantor here, who is the widow of C. C. Bailey, Jr., and the daughter-in-law of C. C. Bailey. Upon each of the lots is a dwelling house in which the respective present owners reside.

Several witnesses testified that prior to the acquisition of the lots by Mrs. Bailey there was a fence running northerly from Randolph street, separating the property of C. C. Bailey into two parcels, all of which fence had disappeared before 1941, except a short section of its rear portion, which originally extended from the kitchen of the house now owned by Mrs. Harlow to the rear of her lot. Mrs. Banton said that when she purchased her lot there was no fence in the space or lane between her dwelling house and the house of Mrs. Harlow, that is, on the line of the old fence next to Randolph street. There were two gates at the Randolph street front which permitted entrance for the respective lot owners to the space next to their houses.

After the dispute arose between the parties, Mrs. Harlow had her lot surveyed. She then built a division fence on the east side of her lot, on the line shown by the survey as her boundary, a line beginning at a point on Randolph street 30 feet east from its intersection with

Fifth street and running thence north, parallel with Fifth street, to the rear of her lot. Mrs. Banton having built an addition to the west side of her kitchen porch, the erection of the new fence left little space for her to enter the rear of her property through the lane between her house and that fence.

It is the contention of Mrs. Banton that the line of the fence built by a former owner of the two lots many years before Mrs. Bailey acquired the property, constitutes the true boundary line between the lots, and that the line of that fence is approximately 2 feet to the east of the line of the fence built by Mrs. Harlow.

A civil engineer, the city engineer of Portsmouth, at the direction of the trial judge, made a survey of the two lots and filed a plat of his survey. He testified that, based on the deeds of the respective parties and the official map of the street lines of the city of Portsmouth, he had necessarily established the northeast corner of Fifth and Randolph streets as the point of beginning of his survey. His plat showed each of the lots with a 30 foot frontage on Randolph street. He said that the division fence erected by Mrs. Harlow was on the exact line called for as the boundary line in the deeds, and so shown on his map.

There is no reference to any fence as a monument or boundary line in the deed from Mrs. Bailey to Mrs. Banton. Mrs. Banton, as we have seen, admits that there was no fence in the lane between the two houses when she bought her lot. A point on the north side of Randolph street 30 feet east from the northeast intersection of Randolph and Fifth streets, not a fence, nor a post on the line of a fence, is given as the starting point. Her westerly line is the same as the easterly line of the lot formerly owned by C. C. Bailey, now owned by Mrs. Harlow, a line beginning at a point 30 feet east of the aforesaid intersection. The language of Mrs. Banton's deed is plain, unequivocal and specific. The only monu-

ment described in the deeds to Mrs. Banton and Mrs. Harlow is the named street intersection. That monument is the call from which distance is to be measured.

"The system of streets in a city are sufficiently permanent to be regarded as good monuments from which the calls for distance may be made". Minor on Real Property, Second Edition, (Ribble), vol. 2, section 1077.

The trial court did not err in refusing to grant instructions relating to adverse possession. Adverse possession was not an issue and it did not run against the former owner of both of the parcels of land.

There was no evidence to support the verdict of the jury that Mrs. Banton's lot began at a point 29 feet from the street intersection. The verdict may be explained only on the grounds of sympathy or compromise. The evidence was sufficient to enable the court to determine the true boundary line, and it did not err in setting aside the verdict of the jury and entering the judgment complained of. Virginia Code, 1942, (Michie), section 6251. Accordingly, its judgment is affirmed.

*Affirmed.*